UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

KAREN BROWN, as Administratrix of the Estate of the Decedent BARRINGTON WILLIAMS and KAREN BROWN, individually,

Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. JOEL GUACH, Shield No. 1984, Individually and in his Official Capacity, P.O. AGENOL RAMOS, Shield No. 23702, P.O. ROBERT O'BRIEN, Shield No. 26227, Individually and in his Official Capacity, and Police Officers "JOHN DOE" 1-3, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

Defendants.

---

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiffs by and through their attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for their Complaint, respectfully allege, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of plaintiff Williams' civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution as well as New York State Law.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

**VENUE**

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiffs have been, at all relevant times, residents of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned the individually named defendant police officers were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants

while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

**FACTS**

13. On or about September 17, 2013, at approximately 2:54 p.m., plaintiff BARRINGTON WILLIAMS, was present at the 161st Street – Yankee Stadium Subway Station at River Avenue in Bronx County in the State of New York.

14. At that time and place, the defendant officers approached plaintiff and placed him under arrest.

15. The defendant officers placed plaintiff on the ground and applied force to his chest and neck.

16. The defendants' conduct caused the plaintiff to stop breathing.

17. The defendants' conduct caused the plaintiff to foam from the mouth.

18. Despite plaintiff's clear need of medical attention, the defendants failed to take reasonable and available steps to provide him with help.

19. The defendants' conduct caused plaintiff's death.

20. At no time on September 17, 2013 did plaintiff present any threat of physical force to the defendant officers or any other individual or property.

21. The force employed by the defendants was objectively unreasonable and was not privileged in any way.

22. As a result of the foregoing, plaintiff BARRINGTON WILLIAMS sustained, *inter alia*, death, physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

23. As a result of the foregoing, plaintiff KAREN BROWN sustained, *inter alia*, mental anguish, shock, humiliation, and the loss of the company and contribution of her son.

24. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

25. All of the aforementioned acts deprived plaintiff, BARRINGTON WILLIAMS, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**FIRST CLAIM FOR RELIEF**
**FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**

29. Plaintiff, KAREN BROWN on behalf of her son, BARRINGTON WILLIAMS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

30. The force employed by the individually named defendants was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

31. As a result of the foregoing, BARRINGTON WILLIAMS, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## SECOND CLAIM FOR RELIEF FOR DELIBERATE INDIFFERENCE TO MEDICAL NEEDS UNDER 42 U.S.C. § 1983

32. Plaintiff, KAREN BROWN on behalf of her son, BARRINGTON WILLIAMS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

33. Defendants failed to provide plaintiff with timely medical attention despite their knowledge that he was suffering from a serious medical condition.

34. Defendants actions constituted an unnecessary and wanton infliction of pain and terror repugnant to the conscience of mankind.

35. As a result of the foregoing, BARRINGTON WILLIAMS, suffered death, physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF FOR FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

36. Plaintiff, KAREN BROWN on behalf of her son, BARRINGTON WILLIAMS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

37. Defendants failed to intercede to prevent or mitigate the injuries suffered by BARRINGTON WILLIAMS as described above.

38. Defendant officers were presented with a realistic opportunity to prevent and/or mitigate the constitutional violations suffered by plaintiff as described above.

39. As a result of the foregoing, BARRINGTON WILLIAMS suffered death, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

40. Plaintiff, KAREN BROWN on behalf of her son, BARRINGTON WILLIAMS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

41. Defendants utilized excessive force and failed to properly mitigate the damages stemming therefrom against BARRINGTON WILLIAMS notwithstanding their knowledge that said actions would jeopardize plaintiff's well-being and safety, and violate his constitutional rights.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

44. Those customs, policies, patterns, and practices include, but are not limited to:

i. failing to properly train police officers in the requirements of the United States Constitution.

ii. failing to properly train officers in how to properly handle situations such as the one they faced here.

45. The foregoing customs, policies, usages, practices, procedures and rules of THE

CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of BARRINGTON WILLIAMS.

46. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by BARRINGTON WILLIAMS as alleged herein.

47. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by BARRINGTON WILLIAMS as alleged herein.

48. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

49. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of BARRINGTON WILLIAMS's constitutional rights.

50. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**PENDANT STATE CLAIMS**

51. Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

52. Within ninety days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

53. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an

adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

54. Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law § 50-h.

55. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued and the appointment of KAREN BROWN as administer of BARRINGTON WILLIAMS's estate.

56. Plaintiff has complied with all conditions precedent to maintaining the instant action.

57. This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

**FIFTH CLAIM FOR RELIEF**
**FOR ASSAULT AND BATTERY UNDER NEW YORK LAW**

58. Plaintiff, KAREN BROWN on behalf of her son BARRINGTON WILLIAMS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

59. At the aforesaid place and time, the individually named defendants did cause plaintiff, BARRINGTON WILLIAMS, to be unlawfully assaulted and battered, without cause or provocation.

60. The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

61. As a result of the aforesaid assault and battery, plaintiff, BARRINGTON WILLIAMS, was injured, both physically and mentally.

**SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**SURVIVORSHIP**

62. Plaintiff, KAREN BROWN on behalf of her son BARRINGTON WILLIAMS, repeats, reiterates, and realleges each and every allegation set forth above with the same force and

effect as if fully set forth herein and at length.

63. Plaintiff suffered pain and suffering as a result of the defendants actions.

64. Plaintiff was conscious of such as he could not breathe and felt terror and fear as a result.

**SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION**

65. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

66. Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

67. Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

68. Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**LOSS OF CONSORTIUM**

69. Plaintiff KAREN BROWN repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

70. As a result of the defendants actions, plaintiff was deprived the company and services of her son.

71. As a result, plaintiff suffered pecuniary loss, mental injury, pain, and trauma.

**WHEREFORE**, the plaintiffs respectfully request judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
May 22, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

Docket No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KAREN BROWN, as Administratrix of the Estate of the Decedent BARRINGTON WILLIAMS, and KAREN BROWN, individually,

Plaintiff,

-against-

THE CITY OF NEW YORK, P. O. JOEL GUACH, Shield No. 1984, Individually and in his Official Capacity, P. O. Agenol Ramos, Shield No. 23702, P. O. Robert O'Brien, Shield No. 26227, Individually and in his Official Capacity, and Police Officers "JOHN DOE" 1-3, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

Defendants.

---

**SUMMONS AND COMPLAINT**

---

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
***Attorneys for Plaintiffs***
**80 Maiden Lane, 12th Floor**
**New York, New York 10038**
**(212) 962-1020**

---

To: Corporation Counsel
CITY OF NEW YORK
c/o New York City Law Dept
100 Church Street
New York, New York 10007

P. O. Joel Guach, Shield No. 1984
c/o New York City Police Dept-Bronx Transit Police District#11
1 East 161st Street, Suite 11
Bronx, New York 10451

P. O. Agenol Ramos, Shield No. 23702
c/o New York City Police Dept-Bronx Transit Police District#11
1 East 161st Street, Suite 11
Bronx, New York 10451

P. O. Robert O'Brien, Shield No.26227
c/o New York City Police Dept-Bronx Transit Police District#11
1 East 161st Street, Suite 11
Bronx, New York 10451

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Matthew Shroyer