UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

KAREN BROWN, as Administratrix of the Estate of the Decedent BARRINGTON WILLIAMS and KAREN BROWN, individually,

                                                  Plaintiff,

-against-

P.O. JOEL GUACH, Shield No. 1984, Individually and in his Official Capacity, P.O. AGENOL RAMOS, Shield No. 23702, P.O. ROBERT O'BRIEN, Shield No. 26227, Individually and in his Official Capacity, and Police Officers "JOHN DOE" 1-3, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

                                                 Defendants.
----------------------------------------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS**

15 Civ. 4091 (PKC)(GWG)

## PRELIMINARY STATEMENT

Defendants submit this memorandum of law in response to plaintiff's August 8, 2018 motion to compel production of a verification of defendants' response to plaintiff's contention interrogatory and for sanctions for defendants' failure to comply with two Court Orders, dated June 12, 2018, directing defendants to submit a response to plaintiff's request for a discovery conference, and July 27, 2018, directing defendants to provide a verification of a previously produced response to a contention interrogatory (DE 150). Plaintiff seeks sanctions as extreme as a default judgment. Defendants sincerely apologize to the Court for Ms. Wilson's failure to comply with the applicable court orders. While there is no excuse for her oversight, the imposition of the draconian sanctions sought by plaintiff should be denied. Ms. Wilson's failure, although not acceptable, was in any event not willful and, more importantly, and fortunately, has not prejudiced plaintiff.

## PROCEDURAL HISTORY

Fact discovery in this matter closed on March 24, 2017, with the exception of very limited issues. Nevertheless, almost a year later, on March 2, 2018, plaintiff served defendants with a single contention interrogatory asking defendants to: "Identify each specific policy, practice, rule, or training of the New York City Police Department, if any, that Defendant Officers Guach, Ramos, or O'Brien violated during the time they were in the subway station with Plaintiff on September 17, 2013." *See,* Exhibit A to the Declaration of Angharad Wilson ("Wilson Declaration"), dated August 20, 2018. Although counsel should have, she did not object to the untimeliness of the belated contention interrogatory. Instead, defendants served their response to plaintiff's contention interrogatory on April 23, 2018. Wilson Decl. Exhibit B. Defendants' response contained a number of reasonable objections, including that the interrogatory was overbroad and unduly burdensome to the extent that it sought to have defendants review any and all NYPD policies and/or training without limitation, and the language was ambiguous in that "training is not a rule or practice that can be violated."

On April 27, 2018, plaintiff emailed defendants a letter outlining the alleged deficiencies in defendants' response and requesting a meet-and-confer. *See,* Wilson Declaration Exhibit B. On the afternoon of May 3, 2018, the parties met and conferred regarding the purported deficiencies in defendants' response. The parties discussed whether defendants would be willing to withdraw their objections and/or other stated limitations to the response if plaintiff removed the word "practice" from that interrogatory. The parties conferred again on June 6, 2018, regarding defendants' response. At the conclusion of that call, the parties agreed that they were at an impasse, and plaintiff submitted a letter to the Court requesting a Local Rule 37.2 conference on June 6, 2018 (DE 134). The parties agreed to a date of June 15, 2018, for

defendants to respond to plaintiff's June 6th letter requesting a conference and, by Order, dated June 12, 2018, the Court graciously granted defendants an enlargement of time until that date.

Ms. Wilson, however, did not respond by June 15, 2018, as she was ordered to do by this Court. As a result, the Court overruled defendants' objections to plaintiff's contention interrogatory, and ordered defendants to produce a revised response without any limiting language by June 25, 2018. While Ms. Wilson contacted plaintiff on June 25, 2018 about an extension of time until June 28, 2018 to provide the revised response (and plaintiff agreed thereto), she did not write to the Court to request an extension of time until June 26, 2018. Just the same, the Court granted the request.

In accordance with the June 26th Court-ordered date, defendants served plaintiff with a revised response to the contention interrogatory on June 28, 2018. On June 29, 2018, plaintiff again raised issues about defendants' interrogatory response. This time, plaintiff pointed out that the response was not accompanied by a verification. Indeed, plaintiff was taking the position that defendants were in violation of the Court's June 26, 2018 Order because a verification was not provided. Defendants advised plaintiff that they believed they were in compliance with the Court's Order, but, in any event, indicated that they would research the issue of whether a verification is required for a contention interrogatory on behalf of an institutional client. As an attorney for the institution; having not encountered this specific issue of verification before with respect to a contention interrogatory; and, neither side during the course of discovery providing or asking for a verification, Ms. Wilson wanted to research the matter. Between July 10, 2018 and July 17, 2018, the parties corresponded about the verification issue and Ms. Wilson indicated that she would provide defendants' position by July 17, 2018.

After Ms. Wilson failed to provide defendants' position by the agreed-to date, the very next day, on July 18, 2018, plaintiff filed a motion to compel a verification of defendants' contention interrogatory response. On consent, and pursuant to Court approval, defendants' responded to plaintiff's motion to compel on July 24, 2018. Ms. Wilson informed the Court that defendants would provide the requested verification and requested until August 7, 2018, to do so. Defendants' request was graciously granted by the Court on July 27, 2018 (DE 148).

Ms. Wilson, however, mistakenly failed to calendar the August 7th due date and, as a result, did not timely produce the verification. On August 8, 2018, plaintiff filed a letter requesting that defendants be sanctioned. Specifically, plaintiff asked the Court for (1) a default judgment, or alternatively, (2) an adverse inference that the defendant officers violated the NYPD's policies, practices, and/or training by failing to monitor, provide CPR to, or use an AED on, the decedent, and/or (3) an order precluding the defendants from contesting plaintiff's claim that the officers were deliberately indifferent to the decedent's medical needs. Plaintiff also seeks the payment of attorney's fees.

Defendants requested until August 20, 2018, to respond to plaintiff's motion. The Court granted the request and strongly urged defendants to produce the verification in the meantime. In accordance with the Court's instruction, defendants produced a verification on behalf of the City of New York on August 13, 2018. Verifications on behalf of the individual defendants have also been provided to plaintiff. As such, plaintiff's requested sanctions for a default judgment, adverse inference, and/or essentially finding against the individual officers is not warranted and in fact punishes the individual defendants for the behavior of defense counsel.

## ARGUMENT

### POINT I

### PLAINTIFF IS NOT ENTITLED TO THE DRASTIC SANCTIONS SOUGHT UNDER FED. R. CIV. P. 37(b)

Under Fed. R. Civ. P. 37(b), a court may impose sanctions, "if a party …fails to obey an order…to provide or permit discovery,…or fails to obey an order entered under Rule 26(f)." "Sanctions under Rule 37 are intended (1) to ensure that a party will not benefit from its failure to comply with a court order, (2) to obtain the party's compliance, and (3) to serve as a deterrent." *Richardson v. New York City Health & Hosps. Corp.*, 2007 US Dist LEXIS 65518, at \*18 (S.D.N.Y. Aug. 31, 2007). Courts have broad discretion in imposing sanctions for failure to comply with their orders pursuant to Rule 37(b). *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002). Some of the relevant factors include: "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the non-compliance; and (4) whether the non-compliant party has been warned of the consequences of non-compliance." *Burgie v. Euro Brokers Inc.*, 2006 U.S. Dist. LEXIS 22433 (E.D.N.Y. Mar. 30, 2006), citing *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 852-54 (2d. Cir. 1995). Moreover, "sanctions must be weighed in light of the full record in the case." *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979). *See also, Lodge v. United Homes, LLC*, 787 F.Supp.2d 247,259 (E.D.N.Y. 2011) ("Before the extreme sanction of preclusion may be used ... a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses.").Ms. Wilson's failure to timely comply with the Court's Orders,

dated June 12, 2018 and July 27, 2018, is inexcusable, but her oversight was not deliberate, and her failings do not merit the requested imposition of sanctions which essentially would result in a liability finding for plaintiff.

Here, defendants obtain no benefit from Ms. Wilson's failure to timely respond to plaintiff's request for a discovery conference and/or to produce the verification. In fact, Ms. Wilson's failure to respond to the discovery letter was detrimental to defendants since it resulted in their objections being stricken. As to the late production of the verification, there was no benefit gained by defendants either since plaintiff was provided with the actual content of the response to the contention interrogatory on June 28, 2017.[1] Further, defendants are now in compliance with the Court's July 27th Order. Verifications executed by both a NYPD representative and the individual defendants have been provided to plaintiff. Accordingly, the overarching purposes for the imposition of sanctions are not applicable here.

As to the factors that a court typically weighs in determining whether sanctions are appropriate, they too weigh in favor of the non-imposition of sanctions. First, as to the reason for non-compliance, while it is inexcusable to fail to comply with a Court Order, Ms. Wilson's noncompliance was not deliberate, but was the result of either oversight on her part as a result of that should not result in a punishing of the individual defendants. Second, as to the efficacy of lesser sanctions, Ms. Wilson's failure to respond to a discovery letter and/or provide verifications for a discovery response that had already been served on plaintiff does not warrant the imposition of sanctions that essentially result in a liability finding against defendants. Third, as to the duration of the non-compliance, the verification was due on August 7, 2018; verifications on behalf of the City of New York were produced on August 13, 2018, and on behalf of the

---

[1] Further, plaintiff arguably was in possession of defendants' position at the time of the service of the original response on April 23, 2018.

individual officers on August 17, 2018. Therefore, the period of non-compliance was fairly short. On balance, the individual factors do not dictate the imposition of the requested sanctions.[2]

Finally, plaintiff did not suffer any prejudice as a result of defendants' failure to respond to her request for a discovery conference since she received exactly what she requested – that defendants' objections to the contention interrogatory be struck. Plaintiff also cannot demonstrate any prejudice as a result of the delay in obtaining the verification in this matter when she had the content of the response in June 2018.

Although it should not have happened, Ms. Wilson's conduct was not intentional, and the proposed remedies are unnecessarily harsh. Indeed, the fact that Ms. Wilson has been required by this Court to have this Memorandum of Law signed by the Chief of the Division, is probably the best deterrent to avoid this type of behavior in the future.

## POINT II

### PLAINTIFF IS NOT ENTITLED TO SANCTIONS UNDER 28 U.S.C. § 1927

Sanctions are also not warranted under 28 U.S.C. § 1927, which provides: "Any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct." An award under this statute is proper only when "the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri v. Thompson*, 803 F.3d 1265, 1273 (2d Cir. 1986), *cert. denied sub nom County of Suffolk v. Graseck*, 480 U.S. 918

---

[2] Defendants acknowledge that, in 2017, Ms. Wilson was warned that any future non-compliance with the Court's orders would be considered in determination of future sanctions.

(1987) (citation omitted); *see also Tedeschi v. Smith Barney Harris Upham & Co.*, 579 F. Supp. 657, 661 (S.D.N.Y. 1984) ("under section 1927 of Title 28, the thrust of which is to curb dilatory practices and the abuse of court processes by attorneys, it is the lawyer who is personally taxed with the excess costs, expenses and attorneys' fees reasonably incurred where the lawyer 'unreasonably and vexatiously' multiplies the proceedings") (citations and internal quotes omitted) (Weinfeld, J.).

Ms. Wilson did not unreasonably multiply these proceedings. Her non-compliance consisted of (1) failing to respond to plaintiff's motion for a conference pursuant to Local Rule 37.2 – for which the Court struck all of defendants' objections, and (2) failing to timely provide a verification to a contention interrogatory. As to the failure to respond to the request for a conference, Ms. Wilson's behavior was not vexatious. The issue underlying the request for a conference was defendants' refusal to withdraw its proper objections to plaintiff's overly broad and ambiguous contention interrogatory. Defendants had a good faith basis to expound their objections and, as such, plaintiff should not be granted sanctions for having to engage in the practice of filing a motion for discovery where the parties disagree about plaintiff's entitlement to discovery.

As to the failure to provide a timely verification, Ms. Wilson's behavior was not deliberate. Rather, she made a series of mistakes for which she is extremely apologetic. Further, it cannot be overstated that plaintiff did not suffer any prejudice as a result of the untimely verification. The response itself was previously produced originally in April 2018, and again on June 28, 2018 (without any limitations), over a month before defendants were to provide the verification. As such, plaintiff was fully aware of the content of defendants' response well in advance of when the verification was due. Moreover, there are no pending deadlines in this

litigation which could have been affected by Ms. Wilson's failure to produce the verification earlier. Also, importantly, although defendants did not raise it as an objection, the contention interrogatory was served almost a year after the Court-ordered close of fact discovery. Having said that, Ms. Wilson recognizes that once undertaken, timely or not, deadlines must be met.

In short, Ms. Wilson's behavior does not evince the sort of unreasonable and vexatious practices or bad faith tactics that 28 U.S.C. § 1927 is meant to address.

### CONCLUSION

For the foregoing reasons, the Court should not deny plaintiff's motion for sanctions under Fed. R. Civ. P. 37(b) and/or 28 U.S.C. § 1927.

Dated:   New York, New York
         August 20, 2018

                                Respectfully submitted,

                                ZACHARY W. CARTER
                                Corporation Counsel of the City of New York
                                *Attorney for Defendants City of New York, O'Brien,*
                                *Guach, and Ramos*
                                100 Church Street
                                New York, New York 10007
                                (212) 356-2572

By: _____
      Patricia Miller
      Chief, Special Federal Litigation Division

To:   Counsel of Record (Via ECF)