UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

KAREN BROWN, et al.,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK, et al.,

                           Defendants.

------------------------------------------------------------------------- X

**DECLARATION OF**
**ANGHARAD K. WILSON**

15 Civ. 4091 (PKC)(GWG)

      **ANGHARAD K. WILSON**, for her declaration pursuant to 28 U.S.C. §1746, states:

      1.      I am a Senior Counsel at the New York City Law Department and I am lead counsel for the City and individually named defendants in this matter.  This declaration is submitted in support of defendants' response to plaintiff's motion to compel a verification to defendants' response to plaintiff's single contention interrogatory and for sanctions for defendants' failure to comply with two Court Orders dated June 12, 2018, directing defendants to respond to plaintiff's request for a discovery conference, and July 27, 2018, directing defendants to provide a verification for their response to the contention interrogatory (Dkt. 150).  At the outset, I apologize for my failure to comply with the Court's Orders.

      2.      On March 8, 2017, the Honorable P. Kevin Castel set the close of fact discovery as March 24, 2017 (Dkt. 73).

      3.      No requests for an extension of the fact discovery deadline were  made.

      4.      On March 2, 2018, almost a year after the close of fact discovery, plaintiff served defendants with a single contention interrogatory asking defendants to "[i]dentify each specific policy, practice, rule, or training of the New York City Police Department, if any, that

Defendant Officers Guach, Ramos, or O'Brien violated during the time they were in the subway station with Plaintiff on September 17, 2013."

5.      Although, in hindsight, the undersigned should have objected to plaintiff's untimely contention interrogatory, on April 23, 2018, defendants served plaintiff with a response to the belated contention interrogatory, limiting plaintiff's vastly overbroad request to the subject matter of this litigation.

6.      Thereafter, the parties met and conferred on May 3, 2018 and June 6, 2018, to discuss whether defendants would revise their response, essentially withdrawing their objections and/or limitations, if plaintiff agreed to remove the word "policies" from the contention interrogatory.  Because the removal of the word "policies" would not cure plaintiff's contention interrogatory – which appeared to ask the defendants to undertake a review of any and all New York City Police Department policies and/or training regardless of whether such was relevant to the allegations set forth in the complaint and also was ambiguous since "training" cannot be violated – defendants declined to withdraw their objections to the contention interrogatory.

7.      On June 6, 2018, plaintiff filed a motion for a discovery conference pursuant to Local Rule 37.2.

8.      Pursuant to the individual rules of the Honorable Gabriel W. Gorenstein, defendants were to submit a response to plaintiff's request for a conference by June 8, 2018, unless the parties agreed to a different time.  The undersigned conferred with plaintiff's counsel regarding a longer time for defendants to respond to plaintiff's June 6, 2018 letter.  Plaintiff agreed to an enlargement of time until June 15, 2018.  The undersigned, however, failed to advise the Court of the agreed upon date.  Because of my oversight in not writing to the Court,

Judge Gorenstein granted defendants an enlargement of time until June 11, 2018, to submit a response.  Defendants subsequently wrote to the Court, explained that plaintiff had previously agreed to an extension of time until June 15, 2018 for the response, and asked that the Court allow defendants until that agreed upon date to respond.  The Court granted defendants' request by Order dated June 12, 2018.

9.      Unfortunately, the undersigned did not submit a response by June 15, 2018.  Accordingly, by Order, dated June 18, 2018, Judge Gorenstein overruled defendants' previously propounded objections to plaintiff's contention interrogatory, and instructed defendants to provide a response without any limiting language by June 25, 2018.

10.      Realizing that I would be unable to serve defendants' revised contention interrogatory response by June 25, 2018, I contacted plaintiff to get her consent for an extension of time until June 28, 2018.  Plaintiff consented.  However, I neglected to write to the Court concerning the agreed upon extension until June 26, 2018.  The Court granted the requested brief enlargement of time to provide the revised response.

11.      On June 28, 2018, defendants served their revised response to plaintiff's contention interrogatory containing no objections and limitations.

12.      On June 29, 2018, plaintiff's counsel contacted the undersigned and contended that defendants were not in compliance with the Court's June 26, 2018 Order because their response to the contention interrogatory did not have a verification attached.

13.      As the June 26, 2018 Order made no mention of a verification, the undersigned did not believe there was a  violation of the Court's order and advised plaintiff of that.  Indeed neither party had provided verifications for any discovery responses during the course of discovery in this matter. In any event, the undersigned informed counsel that she would

- 4 -

research the issue of whether the federal rules required a verification for a response submitted on behalf of a municipal agency.

14.     Thereafter, the undersigned began to research whether a verification is required on behalf of a municipal agency in response to a contention interrogatory.

15.     At the same time, the parties exchanged multiple emails, culminating in an email on July 16, 2018, wherein defendants stated that they would inform plaintiff of their position regarding the requirement of a verification by the end of the following day.  The undersigned, however, should have but did not so respond.

16.     On July 18, 2018, plaintiff filed a motion to compel a verification for defendants' interrogatory response.

17.     During the course of my research, I did not find any cases directly on point, however, I concluded that a verification was likely required.  As such, on July 24, 2018, defendants advised the Court that they would provide a verification for their contention interrogatory response, and requested until August 7, 2018, to do so.  The Court granted the request on July 27, 2018.

18.     I neglected to put the August 7, 2018 date for production in my calendar and, accordingly, did not provide plaintiff with the verification.

19.     One day later, on August 8, 2018, plaintiff filed a motion to compel the verification and for sanctions.

20.     Because of the drastic sanctions being sought by plaintiff, on August 9, 2018, defendants requested an enlargement of time until August 20, 2018, to respond to plaintiff's motion.

21.     On August 9, 2018, the Court graciously granted defendants' request for more time, set a briefing schedule, and strongly suggested that defendants comply with the July 27th Order concerning the production of a verification in the meantime.

22.     In accordance with the Court's August 9, 2018 Order, on August 13, 2018, defendants produced a verification on behalf of the City of New York verifying that defendants' contention interrogatory response is accurate.

23.     On August 17, 2018   , defendants produced verifications from the individual defendants, verifying that defendants' contention interrogatory response is accurate.

24.     Sworn verifications from the City of New York, Officer Joel Guach, Detective Agenol Ramos, and Detective Robert O'Brien have now been produced to plaintiff.

25.     I realize that my failure to comply with the Court's June 12, 2018 and July 27, 2018 Orders is inexcusable.  My only explanation for failing to keep abreast of the deadlines in this matter is that I simply did not properly calendar dates.  I profusely apologize for this. My actions (or inactions) were not intentional and/or willful and were in no way intended to disrespect this Court.

26.     Moreover, I would like to say that the proposed sanctions would only punish the defendants for my actions. Additionally, I cannot express to the Court enough how requiring my Division Chief to sign the accompanying  Memorandum of Law has served as a deterrent for future errors.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in New York, New York, on August 20, 2018.

/s
ANGHARAD K. WILSON (AW1714)