

**ZACHARY W. CARTER**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ANGHARAD K. WILSON
*Senior Counsel*
Phone: (212) 356-2572
Fax: (212) 356-3509
awilson@law.nyc.gov

September 5, 2018

**VIA ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: <u>Karen Brown et al. v. City of New York et. al</u>, 15-CV-4091 (PKC)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel for the City of New York, and I am assigned to the defense of this matter. Defendant City of New York ("City") writes to respectfully request that the Court disregard that portion of plaintiff's letter reply on the motion for sanctions, dated September 4, 2018, seeking to reopen discovery and to depose Elizabeth Daitz, Esq., Executive Director of the New York City Police Department Civil Litigation Unit, who verified the contention interrogatory response on behalf of the City (DE 155), or, alternatively, grant defendant City permission to submit letter briefing on that point on or before September 14, 2018. Because the issue of reopening discovery, and/or moving for what is essentially a deposition of the City of New York pursuant to Fed. R. Civ. P. 30(b)(6), was not briefed in plaintiff's moving letter brief concerning sanctions, the City has not had the opportunity to address the request.

  Defendant City submits that plaintiff's request to reopen discovery, on the theory that defendants' response to the contention interrogatory contradicts the documentary evidence in this case, is not an appropriate issue to be raised in the context of the current sanctions briefing. In any event, plaintiff did not meet and confer with the undersigned and/or seek an informal conference with the Court, as is required by the Court's Individual Rules of practice and/or Local Rule 37.2, before filing her discovery motion. Moreover, notwithstanding the fact that plaintiff's argument that more discovery and/or the requested deposition is necessary because the contention interrogatory response contradicts New York City Police Department ("NYPD")

- 2 -

training is meritless – since plaintiff is free to argue that point without any further discovery[1] – Judge Castel previously denied plaintiff's motion for this very type of discovery on January 11, 2017, when he denied plaintiff's motion to depose a witness on the issue of the NYPD's automated external defibrillator and cardiopulmonary resuscitation training.

Based on the foregoing, defendant City respectfully requests that the Court either disregard plaintiff's request to reopen discovery as set forth in her September 4, 2018 letter brief, or, alternatively, permit the City to submit letter briefing on the issue no later than September 14, 2018.Thank you for your consideration of this request.

Respectfully submitted,

/s/

Angharad K. Wilson
Senior Counsel

Cc: All Counsel (via ECF)

---

[1] Indeed, regardless of whether City defendant denies that the individually named defendants acted in contradiction of NYPD training, defendants have no doubt that plaintiff will contend otherwise, as she has throughout this litigation.