```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
KAREN BROWN,                                                :
                                                            :
                    Plaintiff,              ORDER
                                                            :
        -v.-                                                :
                                            15 Civ. 4091 (PKC) (GWG)
THE CITY OF NEW YORK, et al.,                               :
                                                            :
                    Defendants.                             :
------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

     Having reviewed the parties' papers (Docket ## 150, 153, 154, 155) and having considered the factors applicable to requests for sanctions under Fed. R. Civ. P. 37(b)(2)(A), the Court denies plaintiff's request for the sanctions of default, to take certain facts as established, or for preclusion. See Letter from Joshua Moskovitz, dated Aug. 8, 2018 (Docket # 150), at 3-4. Any of these sanctions would be disproportionate to the improper conduct that occurred here. We note that the verification of a contention interrogatory is of minimal value inasmuch as the response to a contention interrogatory does not reflect substantive factual knowledge of the signatory. The Court sees no prejudice to plaintiff in the delayed provision of the verification given that the mere addition of the verification should not engender further discovery. While the Court had previously admonished the defendants' counsel for discovery violations, the Court nonetheless views counsel's delay and inaction as indicative of negligence, not willfulness.[1]

     That being said, this is merely a partial ruling so that the parties may be aware of the rejected sanctions for purposes of any summary judgment motion, which is due on September 14, 2018. The reason it is "partial" is because defendants have failed to respond to plaintiff's application for expenses under Fed. R. Civ. P. 37(b)(2)(C). See Docket # 150 at 4. The Court will allow them another opportunity to do so by memorandum of law filed on or before September 21, 2018. Any reply may be filed by October 5, 2018.[2]

---

     [1] While defendants addressed the issue of sanctions under 28 U.S.C. § 1927, plaintiff did not seek such sanctions. Had they been sought, the Court would have denied them because of the lack of showing of bad faith.

     [2] The Court again requires that the response bear a signature indicating that Ms. Miller has approved its filing. The Court notes that it requires a signature indicating approval; it does not require that Ms. Miller sign the brief as attorney for the defendants.

The Court reminds the parties that the pending application for sanctions will have no effect on the summary judgment briefing schedule.

SO ORDERED.

Dated: September 5, 2018
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge